IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEREMY FENTON, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> EXEL, INC. : <br> : <br> Defendant. : <br> : | <br><br><br><br><br>CIVIL ACTION NO. <br>_____ <br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Jeremy Fenton, by and through undersigned counsel of record, and files his Complaint for Damages against Defendant Exel, Inc. ("Exel") showing the Court as follows:

### JURISDICTION AND VENUE

1.

This is an action for interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and for overtime violations of the Fair Labor Standards Act of 1938, as amended ("FLSA").

2.

Venue in this district and division is proper under 28 U.S.C. § 1391 as Defendant maintains a place of business in the Northern District of Georgia, Atlanta Division, and the unlawful discriminatory conduct complained of herein occurred in this district and division.

3.

All conditions precedent to jurisdiction under FMLA have either occurred or have been complied with; specifically, Plaintiff was employed for more than 1,250 hours of service to Defendant in each and every twelve month period of his employment.

**PARTIES**

4.

Plaintiff is now and was at all times relevant to this action a citizen of the United States entitled to bring actions of this type and nature.  During the time when the events giving rise to this lawsuit took place, Plaintiff was a resident of the State of Georgia.

5.

At all times relevant to this action, Plaintiff was employed by Defendant.

6.

2

Defendant is a supply chain management corporation that provides warehouse and fulfillment solutions to its customers across the United States.

7.

At all times relevant to this action, Defendant has had fifty or more employees within a 75-mile radius.

8.

Defendant is a foreign corporation.  It is registered to transact business within the State of Georgia and is subject to the jurisdiction of this Court.

9.

Defendant may be served with a copy of this Complaint and process through its registered agent, CT Corporation System, 1201 Peachtree St, NE, Atlanta, GA, 30361.

## STATEMENT OF FACTS

10.

On or about August 12, 2012, Mr. Fenton began employment with the Defendant.

11.

Mr. Fenton's employment was largely without incident until he requested FMLA for his serious medical condition in April 2015.

12.

After Mr. Fenton requested protected leave under the FMLA, Defendant began a systematic process to discourage him from taking FMLA.

13.

The Defendant began scrutinizing Mr. Fenton's employment—disciplining him 2-3 times under the guise that he was underperforming.

14.

Similarly, when Mr. Fenton was on protected leave, he would return to work and would be written up for attendance violations, even though the absences were FMLA protected.  These write-ups further discouraged and interfered with Mr. Fenton's right to take FMLA for his serious medical condition.

15.

Additionally, Mr. Fenton was not paid for time worked in excess of 40 hours in a workweek during April-August.

## COUNT ONE
## FMLA INTERFERNECE

16.

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

17.

Defendant was Plaintiff's "employer" as defined by the FMLA.

18.

Plaintiff was an eligible employee under the FMLA

19.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, by, *inter alia*, by disciplining Plaintiff for taking FMLA by assigning him points for attendance when he was out of work for his serious medical condition.

## COUNT TWO
## FMLA RETALIATION

20.

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

21.

Defendant unlawfully retaliated against Plaintiff in violation of the FMLA by, *inter alia*, by disciplining Plaintiff for attendance violations when he was absent for his serious medical condition, which were protected pursuant to FMLA, and discouraged him from taking additional days off under FMLA.

22.

Additionally, Plaintiff was not paid overtime for hours worked over 40 in a week after requesting FMLA.

23.

Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of Plaintiff's rights under the FMLA, 29 U.S.C. §2615(a).

24.

Defendant acted purposely and with malice with the intent to injure Plaintiff.

25.

As a direct and proximate result of Defendant's actions and unlawful retaliation against Plaintiff, Plaintiff has suffered and continues to suffer mental and emotional damages. Plaintiff, therefore, is entitled to the relief set forth in the Prayer for Relief below.

## COUNT THREE
## VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FLSA

26.

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

27.

Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.* including but not limited to 29 U.S.C. §207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

28.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

29.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement.

30.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

31.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigating incurred in connection with these claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

1) General damages for mental and emotional suffering caused by Defendant's misconduct;

2) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

3) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

4) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated

damages as provided by 29 U.S.C. § 216, and all other remedies provided pursuant to the FLSA;

5) Attorneys' fees and expenses of litigation;

6) Trial by jury as to all issues;

7) Prejudgment interest;

8) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

9) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

10) The Court grants such additional relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Respectfully submitted this 18th day of September, 2015

          Molden Law, LLC.

          /s/ Tremain C. Mattress
          Regina Sledge Molden
          Georgia Bar No. 515454
          Tremain C. Mattress
          Georgia Bar No. 940529

Peachtree Center—Harris Tower 1245
233 Peachtree Street, NE
Atlanta, GA 30303
Telephone: 404-324-4500
Facsimile: 404-324-4501
Email: rmolden@moldenlaw.com
         tmattress@moldenlaw.com

*Attorneys for Plaintiff*

10

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Tremain C. Mattress
Tremain C. Mattress
Georgia Bar No. 940529
